In the Matter of COMPUTER UTILIZATION, INC., Bankrupt.

John A. PACE, Appellant,

v.

COMPUTER UTILIZATION, INC., Appellee.

No. 74–3203
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 20, 1975.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

See also, D.C., 370 F.Supp. 450.

James F. Menefee, Dallas, Tex., for appellant.

Philip I. Palmer, Jr., Dallas, Tex., for appellee.

Steve Ungerman, Dallas, Tex., for other interested parties.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

THORNBERRY, Circuit Judge:

Computer Utilization, Inc. (CUI), a computer service corporation based in Garland, Texas, filed a petition for an arrangement under Chapter XI of the Bankruptcy Act on July 5, 1971. Over one year prior to filing, CUI had retained John A. Pace, a Dallas attorney, to handle various collection matters. It is undisputed that prior to filing, Pace had performed a considerable amount of services in the various collection matters, but had not billed CUI for those services. Pace also performed some work after the July 5, 1971 filing, though he was somewhat vague at trial as to the nature and extent of those services. In its Chapter XI petition, CUI did not schedule Pace either as an unsecured creditor or as a party to an executory contract. The referee confirmed an amended plan of arrangement based upon the petition on September 16, 1971.

In May 1972, Pace filed suit in state district court for Dallas County, Texas to

recover for his services. On November 21, 1972, the trustee filed an application for an order to show cause why the state court proceedings should not be enjoined. After a hearing, the referee entered a permanent injunction prohibiting Pace from pursuing his state claim and the district court below affirmed that decision. Pace now appeals, claiming that since CUI failed to satisfy the notice requirements for rejection of executory contracts, the adoption of the arrangement does not discharge his claim. We disagree and affirm the decision below.

Pace and CUI executed no formal employment contract, but it is undisputed that Pace represented CUI on a continuing basis since May 1970. He seeks recovery primarily for services rendered prior to the filing of the petition. As to those services, Pace clearly had a provable claim at the time of filing. The fact that Pace had not yet billed CUI is immaterial. He had already performed the services and CUI had incurred the obligation to pay for them. 11 U.S.C. § 35(a) provides "[a] discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part . . . ." 11 U.S.C. § 35(a)(3) excepts from the discharge provision those debts that "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

■ The record testimony in the court below makes it clear that Pace cannot claim the benefit of the exception. Pace himself testified that he had actual knowledge of the bankruptcy proceedings. He was fully aware that the petition had been filed and that his name did not appear on the list of unsecured creditors. Yet Pace took no action. Under 11 U.S.C. § 35(a), adoption of the arrangement discharged Pace's claim for services rendered prior to. the filing of the petition.

■ As part of his claim, Pace seeks to recover for services rendered after the Chapter XI petition was filed. Here, however, it is undisputed that Pace was not appointed to render services in accordance with General Order 44. The claim for those services is also barred. Becker v. Stewart, 402 F.2d 500 (5th Cir. 1968); In re HydroCarbon Chemicals, Inc., 411 F.2d 203 (3d Cir. 1969), cert. denied, 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74; 1 Collier Bankruptcy Manual ¶ 62.06 (2d Ed. 1974).

■ Pace concedes that most of the services were rendered prior to the filing of the petition, but argues that his failure to bill the bankrupt and the continuing nature of his representation made the contract executory. He then argues that CUI failed to comply with the notice requirements for discharge of executory contracts under Chapter XI, preventing discharge of his claim. Pace's proof of damages, however, belies these assertions. He presented no evidence of loss of future income; instead he sought recovery for services already rendered. The contract is not executory for purposes of the bankruptcy statute where the only performance due from the debtor is payment. See Stell Mfg. Co. v. Gilbert, 372 F.2d 113 (5th Cir. 1962).

Pace worked closely with the bankrupt when CUI instituted the Chapter XI proceedings. He was fully aware of the company's financial problems, and the status of the bankruptcy proceedings. Yet he took no affirmative action to protect his own rights. The district court properly denied Pace's claims for attorney's fees, and properly issued the injunction under 11 U.S.C. § 35(c)(3).

Affirmed.