**In the Matter of NEISNER BROTHERS, INC., Debtor.**

**Eric TRUSS et al., Plaintiffs,**

**v.**

**NEISNER BROTHERS, INC., doing business as Younkin Sports Supply, Defendant.**

**Bankruptcy No. 77 B 2836 (EJR).**

United States Bankruptcy Court, S. D. New York.

Feb. 8, 1980.

Frank S. Stewart, Tampa, Fla., for plaintiffs, Eric Truss, Mario Howard and Clarence B. Townes.

Stroock & Stroock & Lavan, Krause, Hirsch & Gross, New York City, for defendant Neisner Bros., Inc.

John Edward Alley, Alley & Alley, Chartered, Tampa, Fla., for Neisner Bros., Inc., debtor.

## DECISION ON MOTION TO MODIFY STAY AND ON CROSS–MOTION TO DECLARE DEBT DISCHARGED

EDWARD J. RYAN, Bankruptcy Judge.

Movants seek an order modifying the stay order entered in this court on December 1, 1977, and respondent cross-moves for an order declaring that any debts owed to the plaintiffs have been discharged.

In 1977 movants filed suit against respondent for alleged violations of the plantiffs' civil rights, in the United States District Court for the Middle District of Florida. The defendant in that suit, on December 1 of that year, filed a petition in proceedings for an arrangement in this court, and a stay order was entered at that time. Because of the stay order, the Florida Court, at the request of the respondents, granted a stay of its proceedings on May 4, 1978. The latter stay order directed any affected to party to proceed in this court:

> "ORDERED that, all further steps or proceedings until said final decree, with respect to Plaintiffs' claims herein, shall be taken before the Court in the bankruptcy proceedings, pursuant to the Order of that Court dated December 1, 1977."

The movants contend that at the time the Florida proceedings were stayed, local counsel for the respondent, then debtor in possession, assured them that they would be listed as "potential creditors." This was never done. Movants argue that because of this misrepresentation, the movants as plaintiffs should be permitted to proceed with their Florida actions, in spite of the later confirmation of the debtor's plan of arrangement.

■ Ordinarily, a creditor who is not listed in the schedule of liabilities, but who has actual knowledge of the bankruptcy proceedings, can not have his debt excepted from discharge. *Bankruptcy Act* § 17 a.(3). See, also, *In re Computer Utilization, Inc.*, 508 F.2d 673 (5th Cir. 1975). It is clear in this case that the movants in fact had such knowledge, as evidenced by the stay order which was served them and which they now seek to modify.

However, the movants here claim that they were induced to forbear from acting by a misrepresentation that they were to be listed as "potential creditors." They do not tell us what they desisted from doing.

■ Assuming, only for the purpose of these motions, that the statements were made, the movants still do not state a valid reason for having their debts excepted from discharge.[1] There is nothing to indicate that the moving parties acted or forbore from acting in reliance on the alleged statement of the local Florida counsel. The stay order served on them instructed them to present their claims and protect their rights in this court. Yet they did nothing. This inaction should not provide the applicants with the right to have their claims excepted from discharge at this stage of the case. *In re Computer Utilization, Inc., supra*, at 675. Under Bankruptcy Act § 371, confirmation of the arrangement discharged the claims of the movants.

Applicants, in being denied their motion for an order modifying the stay, will ·lose the right to possible dividends on their alleged claims, in this proceeding. This is necessary to effectuate the purpose of the Bankruptcy Act:

> "Even though failure by the debtor to list plaintiff's debt in its schedules has caused a loss of benefits under the plan to plaintiff, that loss must be imposed under public policy to bring about expeditious reorganization of debtor's business and an end to litigation."

*In re Helios Corporation*, 5 BCD 787 at 789 (1979).

The applicants' failure to act until after the confirmation of the plan of arrangement must, and does, result in the discharge of the claims.

1. Cf. *Speare v. Consolidated Assets Corporation*, 360 F.2d 882 (2d Cir. 1966).

Therefore, the direct motion is denied, and the cross-motion is granted.

It is so ordered.