In re Norman **DAVIS** and Irma Davis, Debtors.

Robert **KLEIN** and Florence Klein, Plaintiffs,

v.

Norman **DAVIS** and Irma Davis, Defendants.

Bankruptcy No. 81–01142–BKC–SMW. Adv. No. 81–0548–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

April 15, 1982.

Burt E. Eisenberg, Fort Lauderdale, Fla., for defendants.

Henry T. Swann, III, Dade City, Fla., for plaintiffs.

Herb Harris, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon an Amended Complaint to Determine Dischargeability of Debt filed herein and the Court, having considered the facts as stipulated by the parties, having considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

This Court has jurisdiction of the parties hereto and the subject matter hereof.

The creditors, Robert and Florence Klein (the creditors), filed suit against the debtors, Norman and Irma Davis (the debtors), in State Court and obtained a judgment for $9,081.50. The debtors failed to appear at a deposition in aid of execution, whereupon, the creditors scheduled a Motion for Order to Show Cause why the debtors should not be held in contempt for their failure to appear. This motion was set for July 29, 1981, at which time the debtors' attorney filed a Suggestion of Bankruptcy reflecting that the defendants had filed bankruptcy on July 24, 1981, and the State Court abated the proceedings before that court. The creditors terminated their relationship with their attorney after that hearing and awaited notice of further proceedings from the Bankruptcy Court. On or about October 1, 1981, the creditors contacted the same attorney which they employed in the State Court proceeding, and advised him that they had not received any notice from the Bankruptcy Court. The creditors' attorney thereafter reviewed the bankruptcy file and advised the creditors that although they were listed as creditors, their address was not listed and thus the bankruptcy notices were not forwarded to them. The creditors' attorney advised them that the discharge hearing was set for October 28, 1981. The same file reviewed by the creditors' attorney revealed that the last date to object to discharge or file a complaint to determine dischargeability of a debt was October 27, 1981. An Objection to Dischargeability of the Debt was filed by the creditors on October 6, 1981, as a motion rather than as an adversary proceeding, and was dismissed by the Court with leave to refile properly. On or about October 19, 1981, the creditors instituted these adversary proceedings to determine dischargeability of debt alleging that the debt should be non-dischargeable due to the debtors' failure to correctly schedule the creditors in a timely manner. After having filed such action, one of the creditors went to the discharge hearing and objected to the discharge in proper person.

The operative question presented by these facts is whether the creditors had "notice or actual knowledge" of the bankruptcy proceedings in time to file an objection to discharge regardless of whether the debt was duly or correctly scheduled by the debtor. Under 11 U.S.C. § 523(a)(3) a discharge of a particular debt may be granted where the creditor has timely "notice or actual knowledge of the case", even though the debt is unlisted or incorrectly scheduled. The statute reads in pertinent part:

"(a) A discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(3) neither listed or scheduled under § 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of proof of claim, unless such creditor had notice or actual knowledge of the case in time of such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; "

The issue of "notice or actual knowledge" as it pertains to dischargeability of debt is well settled under the previous Bankruptcy Statute of 1898 at 11 U.S.C. § 35a(3) which contained the same language as the present 11 U.S.C. § 523(a)(3)(A) and (B). The Court finds that where a creditor has actual knowledge, personally or through an agent, of the bankruptcy proceedings of a debtor, such debt is dischargeable whether or not the debt is correctly scheduled by the debtor. See *In re Computer Utilization, Inc.* (5th Cir. 1975) 508 F.2d 673; *In re Matter of Derrico Construction Corp.* (M.D.Fla.1981)

10 B.R. 553; *In re Matter of Neisner Bros., Inc.* (S.D.N.Y.1980) 2 B.R. 474.

■ In the case *sub judice*, the Court finds that the creditors had actual knowledge of the bankruptcy proceedings on July 29, 1981, five days after the bankruptcy was filed, in sufficient time to take appropriate action to protect their interests. The creditors did, in fact, take such action within the time set by the Court to do so and thus they were not prejudiced by their failure to receive notice. In view of the creditors' actual knowledge of the bankruptcy proceedings, the failure to correctly schedule the creditors' address is no bar to the discharge of this debt.

The Court will enter a separate order denying the relief sought by the creditors.