**In re Washington Henry McCRADY,
Loretta McCrady, Debtors.**

**Bankruptcy No. 4–81–00089.**

United States Bankruptcy Court,
W. D. Kentucky.

Sept. 21, 1982.

David W. Lamar, Owensboro, Ky., for debtors.

David L. Yewell, Owensboro, Ky., for Francis McCarty.

MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

May a codebtor of the bankruptcy petitioner, with actual notice of the bankruptcy proceeding and after a discharge has been granted, sue the debtor on their joint and several obligation? The clear answer is no. A brief recital of the facts reveals the classic case of entitlement to postdischarge protection under the bankruptcy laws.

In November, 1978, Washington H. McCrady and Francis A. McCarty formed a partnership agreement to operate McCrady & McCarty Heating and Air Conditioning. They executed a joint promissory note to Citizens State Bank in the amount of $13,-379.40 on April 4, 1979, for working capital.

Five months later they decided to dissolve the venture. In September, 1979, a partnership dissolution agreement was recorded with the county clerk of Daviess County, under the terms of which McCarty was relieved of responsibility for all partnership debts and McCrady assumed "full responsibility for all liabilities, both past and future,

which have been or shall be incurred by W. H. McCrady individually and/or by McCrady and McCarty Heating and Air.... "

Citizens State Bank was not privy to this agreement, although that institution knew of the agreement and its officers gave verbal assurances to both individuals that only McCrady would be held liable for the promissory note held by the bank.

After the dissolution of the partnership, McCrady individually paid the installments on the note until he filed a Chapter 7 bankruptcy petition on March 12, 1981. With the petition McCrady filed the required creditors' schedules and included the balance due of $5,946.40 on the note, indicating that this was a debt jointly incurred with McCarty. This court, on July 27, 1981, ordered the debtor, McCrady, released from all his dischargeable debts pursuant to § 523 of the Bankruptcy Code. This discharge included the note to Citizens State Bank.

Subsequent to McCrady's discharge, Citizens State Bank turned to the comaker of the promissory note, McCarty, for repayment of the outstanding balance. McCarty demanded that McCrady pay the debt and then on October 30, 1981, sued in Daviess Circuit Court for judgment against McCrady on the note. On March 12, 1982, having previously filed an answer in the state court action,[1] McCrady moved this court to enjoin McCarty's state court action pursuant to § 523(a)(3)(B) of the Bankruptcy Code.

Preliminary to a determination of McCrady's motion to enjoin the state court action is a resolution of the issue of whether McCarty is a "creditor" who may properly object to discharge under § 727(c)(1). According to § 101(9) of the Code, a creditor is any entity with a claim arising at or before the order for relief. Section 101(4) defines a "claim" as the right to payment or equitable remedy for breach of performance even if that right is disputed, unmatured, unliquidated, or contingent.

McCarty was a comaker of the promissory note to Citizens State Bank. As such he is liable for that debt and is required to pay the note either jointly with McCrady or individually if McCrady does not contribute funds. Thus, McCarty is the holder of a contingent claim against McCrady that becomes fixed when he pays the balance on the note. McCarty, as a contingent creditor, may object to the debtors' discharge.

Section 523(a)(3) of the Code excepts from discharge any debt that is not listed or scheduled *unless* the creditor had notice or actual knowledge of the case in time to file a proof of claim and request a determination of dischargeability. This section of the Bankruptcy Code protects the right of creditors to file a proof of claim and a complaint to determine the dischargeability of a debt. If the particular debt falls within the actual notice or knowledge exception, it may be discharged even though unlisted, because the creditor's rights are adequately protected in that instance.[2]

There is no question that McCarty had notice and actual knowledge of the bankruptcy proceeding in this case. On March 20, 1981, eight days after he had filed the Chapter 7 petition, McCrady personally spoke with McCarty and informed him of the filing. In fact, McCarty spoke with McCrady in February and knew that the bankruptcy proceeding was in the offing and that this would result in a discharge of McCrady's indebtedness to Citizens State Bank. Yet McCarty took no affirmative action to protect his own rights.

---

1. In his answer in the state court action McCrady properly set forth his discharge in bankruptcy as an affirmative defense. It should be pointed out that the injunctive relief sought by McCrady in this bankruptcy proceeding is already in existence as a matter of law. McCrady's prior discharge operates as an "injunction against the commencement or continuation of an action ... to collect, recover, or offset any such debt ... as personal liabilities of the debtor..." 11 U.S.C. § 524(a)(2). In most cases similar to this one, but where the adequacy of notice and schedules is not raised, the customary protection sought by the debtor is to have the comaker held in contempt of the order of discharge.

2. 3 Collier on Bankruptcy, 15th Ed., ¶ 523.13 at p. 523–81.

McCarty has correctly identified the source of his present problem, the partnership dissolution agreement. McCarty contends that he did not file a claim because he relied on the dissolution agreement which purported to relieve him of liability for the joint promissory note with Citizens State Bank. However, this agreement between the partners does not constitute misrepresentation by McCrady, and in no way can be considered an inducement to McCarty to forbear his contingent claim.[3]

McCarty's real problem is that Citizens State Bank was not a party to the dissolution agreement. The bank did *not* sign that document and thereby legally consent to relieve McCarty of liability for a debt he jointly incurred.[4] Without the bank's legal consent, McCarty should have known that his liability on the note was intact. Therefore, when McCarty became aware of McCrady's intention to file for bankruptcy he should have realized that McCrady's discharge would mean that he, McCarty, was liable for the entire indebtedness. We do not hesitate to impute this basic business knowledge.

McCrady's actions during the bankruptcy proceedings show no evidence of misrepresentation or an attempt to induce forbearance of a valid claim. His bankruptcy petition accurately listed the promissory note as a debt "incurred May, 1979. Jointly by Petitioner and Francis A. McCarty...." Schedule A–2 clearly does not reflect an attempt to conceal McCarty's contingent claim.[5]

It is our opinion that the personal notice given to McCarty was sufficient to meet the requirements of § 523(a)(3)(B) and the debt in question is dischargeable whether or not it was correctly scheduled.[6] The actual notice and knowledge afforded McCarty time to prove his claim and determine its dischargeability. McCarty could have taken the appropriate action during the bankruptcy proceeding to protect his interests. His inaction during the proceedings was not the result of anything said or done by McCrady. McCarty's failure to act was a consequence of his own incorrect assumption regarding his liability on the promissory note. This fallacy was not traceable to McCrady, and McCarty's inaction will not permit him to have his claim excepted from the discharge previously granted.[7]

We realize that granting the injunction leaves McCarty without legal recourse. Regrettable though that may be for McCarty, it is a result dictated by both the letter and the spirit of the Bankruptcy Code. After a discharge in bankruptcy the debtor is afforded complete protection from his creditors. The loss that McCarty may suffer "must be imposed under public policy to bring about ... an end to litigation ...."[8] Accordingly, this court will today enter a final order enjoining the creditor, McCarty, from further state action against the debtor, McCrady.

**3.** *Matter of Neisner Bros., Inc.* 2 B.R. 474 (Bkrtcy. SDNY 1980).

**4.** Underlying McCarty's present dilemma is a lack of legal representation when the partnership dissolution agreement was executed and the liability shift attempted. As both partners testified when deposed, the agreement was drawn up by a "pretty sharp" C.P.A. in Owensboro.

**5.** McCrady's counsel in the bankruptcy proceeding could have listed the creditors differently and had separate entries for Citizens State Bank and Francis A. McCarty. This alternative listing might have more clearly portrayed McCrady's creditors, but it also could have artificially inflated the total indebtedness.

**6.** Accord, *In re Hamilton,* 21 B.R. 487 (Bkrtcy. W.D. Va.1982); *In re Davis,* 19 B.R. 487 (Bkrtcy. S.D. Fla.1982); *Matter of Derrico Const. Corp.,* 10 B.R. 553 (Bkrtcy. M.D. Fla. 1981).

**7.** Accord, *In the Matter of Computer Utilization, Inc.* 508 F.2d 673 (5th Cir. 1975) (enjoined state court action by attorney to recover for services rendered to bankrupt when attorney knew of bankruptcy but filed no claim).

**8.** *In re Helios Corp.,* 5 B.C.D. 787, 789 (Bkrtcy. W.D. Va.1979).