**In re William L. SLAIBY, Debtor.**

**William L. SLAIBY, Plaintiff,**

v.

**William RASSMAN and Marie Rassman, Defendants.**

**No. C85–469–L.**

United States District Court, D. New Hampshire.

Oct. 23, 1985.

Michael Ransmeier, Moulton, Samaha, Vaughn & Ransmeier, Littleton, N.H., for defendants.

Daniel W. Sklav, Sheehan, Phenney, Boss & Green, Manchester, N.H., for plaintiff.

## ORDER ON APPEAL FROM ORDER OF BANKRUPTCY COURT

LOUGHLIN, District Judge.

This appeal from an order of the Bankruptcy Court was appealed to this court pursuant to 28 U.S.C. § 1334(b). This appeal concerns a ruling by the Bankruptcy Court's order for summary judgment which held that the creditors had legally effective notice through the actual knowledge of their attorney. The court stated that the judgment debt was discharged and the creditors failed to take any action, or to object before the order of discharge was entered.

The standard of review of a Bankruptcy Court's order is:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Rules Bankr.Proc. Rule 8013, 11 U.S.C. In *Espiefs v. Settle*, 14 B.R. 280, 283 (D.N.H. 1981) this court stated:

> The burden of showing a bankruptcy referee's findings to be clearly erroneous has been found to be a stringent one and to be convinced the court must be left with a definite and firm conviction that mistake has been committed, that is the court must find that no testimony exists for support of referee's order, or that he has acted arbitrarily or capriciously. *In re Knight*, 421 F.Supp. 1387, 1390 (M.D. La.1976); aff'd 551 F.2d 861, 862 (1977); See *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1947).

The court went further stating that "The burden of proof is upon the party seeking reversal of the findings of the bankruptcy court." *Id.*

In this case, the burden rests on the defendants, who must prove that the bankruptcy court erred when it ruled that the defendants through their attorney, had actual notice of the plaintiff's filing for bankruptcy. The case of *In re Davis*, 19 B.R. 487, 488 (S.D.Fla.1982) clearly states the rule used in determining when notice is proper.

The issue of "notice or actual knowledge" as it pertains to dischargeability of debt is well settled under the previous Bankruptcy Statute of 1898 at 11 U.S.C. § 35a(3)(A) and (B). The Court finds that where a creditor has actual knowledge, personally or through an agent of the bankruptcy proceedings of a debtor,

such debt is dischargeable whether or not the debt is correctly scheduled by the debtor. See *In re Computer Utilization, Inc.* (5th Cir.1975) 508 F.2d 673; *In re Matter of Derrico Construction Corp.* (M.D.Fla.1981) 10 B.R. 553; *In re Matter of Neisner Bros., Inc.,* (S.D.N.Y. 1980) 2 B.R. 474.

In *Davis,* the facts reveal the creditors were aware that defendant-debtor filed bankruptcy on September 24, 1981. At this time the creditors terminated their relationship with their attorney. By October 1, 1981 they had heard nothing further. The creditors then contacted the attorney they had just released and he informed them that his records showed they were listed as creditors. He also told them that their address was omitted and therefore they received no notice. He then told them of the discharge hearing date of October 28, 1981 and that the last date to object or file a complaint concerning dischargeability was October 27, 1981. Creditors filed an objection on October 6, 1981 by motion rather than by adversary proceeding. The court dismissed the motion with leave to refile it properly. Finally on October 19, 1981 the creditors started the adversary proceedings which concluded the case. In those proceedings they argued the debt should be non-dischargeable due to the debtor's failure to correctly schedule the creditors in a timely manner. The *Davis* court is in disagreement, ruling on similar facts that it constituted actual knowledge.

The case of *Matter of Derrico Const. Corp.* 10 B.R. 553, 555 (M.D.Fla.1981) also dealt with the issue of notice. In *Derrico,* debtor filed for bankruptcy under Chapter XI on October 13, 1978, but failed to list this particular creditor. The creditor filed no proof of claim and did not participate in the reorganization plan implemented by the court. Creditor argued he never received notice. The court ruled he did receive notice stating under § 17(a)(3) notice from whatever source is sufficient. The court found notice was given when the creditor received a letter from the debtor's indemnity company advising the creditor that the debtor filed bankruptcy under Chapter XI.

The letter further requested creditor not to disburse funds for construction to the debtor.

In the present action the bankruptcy court found sufficient notice based on the following facts. On October 2, 1981 Attorney Chimileski received a letter from Attorney Gearreald. The gist of the letter offered Chimileski the opportunity to join actions against the plaintiff who had previously filed for bankruptcy. Prior to this Chimileski represented the defendants against the plaintiffs in a mortgage collection action which resulted in a judgment for defendants. Gearreald wrote to Chimileski regarding obtaining exceptions to discharges because Chimileski was listed on the bankruptcy schedule as the defendant's attorney.

In his letter, Gearreald misstated the bankruptcy filing date as March 6, 1980 instead of March 6, *1981.* He requested an answer before October 15, 1981 because he had to let the court know his intentions by then. At this point whether or not Gearreald incorrectly listed the filing date, Chimileski had notice. He had thirteen days in which to act before the deadline. He could have notified Attorney Gensburg and let Gensburg decide what to do. However, Chimileski did not respond to Gearreald's letter until November 16, 1981 when he finally sent it to Gensburg. The court found that upon receipt of the letter by Gensburg, he and Chimileski decided neither would respond to Gearreald.

The facts show Gearreald sent another letter to Chimileski requesting information about the plaintiffs on April 21, 1982. On May 5, 1982 Chimileski forwarded a copy of this letter to Gensburg. He asked Gensburg if he wanted Chimileski to respond. Gensburg replied affirmatively and on May 18, 1982 Chimileski sent a letter to Gearreald on behalf of the defendants. These facts illustrate that all correspondence concerning the defendants was still mailed to Chimileski, more than a year after the bankruptcy was filed.

In *Maldonado v. Ramirez*, 37 B.R. 219, 221 (D.C.1984) the court said:

Notice or actual knowledge will be imputed to a creditor or claimant when it "comes to someone who has clear authority to act for the creditor and which provides ample opportunity [for the creditor] to participate in the bankruptcy proceeding ..." *Matter of Robertson*, 13 B.R. 726, 733 (Bkrtcy.E.D.Va.1981) *quoting Katz v. Kowalsky*, 296 Mich. 164, 295 N.W. 600, 604 (Mich.1941). Notice to a creditor's attorney of a bankruptcy filing is usually held sufficient if the attorney received knowledge of it while representing his client in enforcing a claim against the bankrupt. *Collier, supra* § 523.-13(5)(c). *See In re Saltzmann*, 25 B.R. 125 (Bkrtcy.E.D.Wisc.1982); *Matter of Robertson, supra*.

Although Gensburg may have directed Chimileski, Chimileski was the "attorney of record". The court correctly ruled that the defendants had notice through counsel. There isn't any evidence that he took any actions to dispel the notion that he was representing the defendants. If Chimileski considered himself not to be their attorney of record, he should not have permitted himself to be listed on the bankruptcy schedule and should have moved to put Gensburg on the bankruptcy schedule.

Under Section 523(a)(3) of the Bankruptcy Code, debts are nondischargeable unless the creditor has actual notice of the bankruptcy proceedings. In this case, the bankruptcy court was correct in its finding that actual notice was given.

This court notes that no affirmative evidence was presented that the attorney-client relationship between defendants and Chimileski was terminated. This court also notes that no evidence was presented to prove that Chimileski never actually received the original notice of filing of bankruptcy by the plaintiffs. The record discloses that Chimileski stated he did not remember receiving it, not that he never got it.

In light of all of the above, this court finds that the order of the bankruptcy

court is not clearly erroneous and is affirmed. October 23, 1985.