**In re William SLAIBY.**

**William SLAIBY, Plaintiff,**

v.

**William & Marie RASSMAN, Defendants.**

**Bankruptcy No. 81–168. Adv. No. 84–88.**

United States Bankruptcy Court, D. New Hampshire.

April 30, 1987.

Daniel Sklar, Manchester, N.H., for William Slaiby.

Michael Ransmeier, Littleton, N.H., for William and Marie Rassman.

## ORDER ON REMAINING MOTIONS FOR SUMMARY JUDGEMENT

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding was originally commenced by the debtor-plaintiff in 1984 seeking a determination that the defendants were enjoined pursuant to § 524(a)(2) of the Bankruptcy Code from proceeding further with a state court lawsuit seeking to collect on a judgment debt that arguably had been discharged by the debtor's bankruptcy proceeding. In a prior decision, the court granted the debtor's motion for summary judgment on the injunction issue, and determined that the defendants were legally barred from proceeding with their collection action. See *In re Slaiby*, 50 B.R. 245 (Bankr.D.N.H.1985), *affirmed*, 57 B.R. 770 (D.N.H.1985).

The court at that time left open for further determination the debtor's request for additional relief, i.e., damages caused by the asserted civil contempt of the defendants for violating the permanent injunction provided by § 524(a)(2) of the Bankruptcy Code following the entry of an order of discharge.

The discharge order in this case was entered on September 9, 1984. It states, as do all such orders under § 727 of the Code, that the debtor ".... is released from all dischargeable debts...." The lawsuit in question was commenced in New Hampshire on September 20, 1984. Section 524 provides in pertinent part as follows:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an

action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. . . .

This statutory provision does not enjoin efforts to collect nondischarged debts. *In re Worthing*, 24 B.R. 774, 9 BCD 1135 (Bankr.D.Conn.1982); 3 *Collier on Bankruptcy*, § 524.01 (15th Ed.1987).

The bone of contention resolved by my prior decision was whether an injunction under § 524 *was* legally in effect, by virtue of the additional provisions of § 523(a)(3) of the Code, which provides that a debt is not dischargeable in certain circumstances where the creditor does not have actual notice of the proceedings. The basic facts in that regard are set forth in detail in the prior decision and will not be repeated here. They are relevant to the present decision as well.

Cross-motions for summary judgment have been filed by the plaintiff and defendants on the remaining issues as to civil contempt and remedial damages.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The prior decision did not require this court to make a determination as to whether Dr. and Mrs. Rassman did in fact have actual knowledge of the Slaiby bankruptcy proceeding. Recognizing that, and not having anything in the record to directly show actual knowledge on the part of the Rassmans prior to the commencement of the 1984 civil lawsuit, the plaintiff in his Motion for Summary Judgment resorts instead to the contention that the actual knowledge of the defendants' attorneys can be imputed to the defendants for civil contempt purposes. No case decision so holding, involving civil contempt sanctions imposed upon a defendant not shown to have actual knowledge of the order in question, has been cited by the plaintiff.

It is true that civil contempt orders do not require a showing of willful and malicious intent directed against the court and its orders. *In re Lohnes*, 26 B.R. 593 (Bankr.D.Conn.1983). However, I can find no case decision that imposes civil contempt sanctions in a case in which it is not shown that the defendant at least *knew* of the order violated. The defendants here are not their attorneys but are the Rassmans themselves.

Indeed, even in the *Lohnes* case cited by the plaintiff in this regard, the court commented:

In the instant proceeding, there is no question but that the automatic stay was violated by the foreclosure sale. Dimyan seeks to excuse his action by claiming that he did not intend to violate federal law. Since, however, civil contempt serves a remedial purpose by either coercing a respondent into compliance with the court's order or compensating the complainant for losses sustained, willfulness in the offending party need not be shown for a finding of contempt. *Malcomb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1948); *In re Worthing*, 24 B.R. 774, 9 B.C.D. 1135 (Bkrtcy.D.Conn.1982). It is sufficient that the "court order violated '[is] specific and definite'" and that the offending party has knowledge of the court's order. *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 51 (2d Cir.) (citations omitted), cert. denied, 429 U.S. 1093, 97 S.Ct. 1107, 51, L.Ed.2d 540 (1976), reh. denied, 430 U.S. 976, 97 S.Ct. 1670, 52 L.Ed.2d 372 (1977).

The only actual contempt holding cited by the plaintiff is *N.L.R.B. v. Sequoia Dist. Counsel Of Carpenters*, 568 F.2d 628 (9th Cir.1977). In that case it was clear that the union officials involved had actual knowledge of the order in question—although not its detailed contents. The imputation issue arose only because the officials themselves were not parties to the NLRB's original enforcement proceeding.

The plaintiff does make some interesting arguments by analogy to malicious prosecution and abusive process cases, but here again the cases cited all involve factual situations in which the defendant had actual knowledge of the key facts leading to the civil contempt charge.

■ Accordingly, since I agree with the defendants that the plaintiff's legal theory supporting his Motion for Summary Judgment is not well founded, and there is a material question of fact as to the actual knowledge of the defendants, the plaintiff's Motion for Summary Judgment must be denied.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

■ The defendants argue first in support of their Motion for Summary Judgment that they are entitled to judgment since they have put into question the lack of any evidence showing actual knowledge on the part of the defendants of the bankruptcy proceeding. Since the plaintiff has not responded with any additional affidavits or further discovery in that regard, the defendants contend that they are entitled to summary judgment under the recent decision of the United States Supreme Court construing Rule 56(c) of the Federal Rules of Civil Procedure in *Celotex Corporation v. Catrett, Administrix,* 477 U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

I do not believe that the *Celotex* ruling is applicable in the present case, however, since I believe that the surrounding factual and circumstantial evidence in the record *does* raise a material question of fact, under the defendants' actual knowledge theory, which makes that question inappropriate for summary judgment disposition under the defendants' first legal theory. See *In re Slaiby,* 50 B.R. 245, 249, fn. 2 (Bankr. D.N.H.1985). Thus, even though the parties have filed cross-motions for summary judgment, the court could deny *any* summary judgment in this case if that were the defendants' only legal theory.

The defendants however have another "string to their bow" which I do find persuasive in support of their Motion for Summary Judgment. The defendants argue that the plaintiff's position is essentially circular in nature. They note that the plaintiff is seeking damages for civil contempt in violation of an order that was not determined to apply to the defendants, i.e., barring them from proceeding in the state courts, until this court's 1985 decision. Since the alleged contempt involved the filing of the state court lawsuit in September of 1984, the defendants argue that they cannot be held for a knowing violation of a court order at that point.

If this were a simple issue of a violation of the automatic stay initially imposed by operation of law under § 362 of the Bankruptcy Code, upon filing of a bankruptcy proceeding, there could normally be no arguable basis for contending that the filing of the state court lawsuit was not a violation of the stay. Here, however, the more complex interrelationship of §§ 523 and 524 of the Code is involved—following the entry of an order of discharge under § 727 of the Code in a bankruptcy proceeding. The question then resolves itself down to whether it was in fact "arguable" as to whether § 524 imposed a stay upon these defendants. Or, in other words, would it have been clear to the defendants and their nonbankruptcy attorneys that the happenstance letters received by those attorneys in 1981 and 1982 did constitute "actual notice" within the meaning of § 523(a)(3) sufficient to bar the defendants from proceeding in the state courts?

I conclude that the legal effect of these bankruptcy proceedings upon the defendants' rights, and the existence or nonexistence of a § 524 permanent injunction, was not clear to the defendants and their attorneys prior to the 1984 civil lawsuit filing to the degree that would support any finding of civil contempt and impose an imposition of damages. Cf. *In re Worthing,* supra, 24 B.R. 774, 9 BCD at 1136–37. The question in the present case was a close one, both factually and legally, and took this court some considerable time to resolve in its 1985 decision.

It is important in evaluating this second contention by the defendants to note that

this contention would not fail even if the court were to find "actual knowledge" of the bankruptcy had been imparted to the defendants by their attorneys. Taking the record at its strongest from the viewpoint of the plaintiff, as is appropriate in granting a Motion for Summary Judgment against the non-moving party, and assuming that a full trial would lead to a finding that the defendants were advised of the bankruptcy before 1984, there is nothing in this record to contradict the assertions by the attorneys employed by the defendants that they were not experienced in bankruptcy proceedings and that they did believe in good faith that the tardy notice of the bankruptcy they happened to receive from another creditor's inquiry-letter left their clients' rights unaffected by the bankruptcy proceeding.

Presumably the attorneys would have so reported this viewpoint to the defendants, if they had in fact informed them of the bankruptcy proceeding. This returns us on our circular path to square one. Absent a finding that it would have been clearly apparent to the defendants and their attorneys that they were barred from proceeding further against the debtor, notwithstanding the lack of a timely formal notice of the bankruptcy proceedings, there is no basis in this record for a finding that the defendants were guilty of the *knowing disobedience of a specific court order* which I take to be the prime requisite to support a civil contempt order under the ruling in *Worthing* and earlier cases.[1]

In essence, the debtor brought upon himself the need to expend time and effort in resolving the question of the applicability of the section 524 injunction to the defendants by his failure to list them directly with their current Hawaii address in his original bankruptcy schedules. While my prior decision determines that the actual notice received by the defendants' attorneys was sufficient legally to render defendants'

debts dischargeable, it does not necessarily follow that the defendants should have realized that in September of 1984 when the civil lawsuit was filed. Accordingly, I conclude that the defendants Motion for Summary Judgment is well taken and that the additional relief requested by the plaintiff in this adversary proceeding, should be, and hereby is, denied.

---

1. It is customary to refer to the "court order" when discussing stays in bankruptcy and their violation. It should be noted that there is no "order" entered by the bankruptcy judge in these situations in any normal sense. The stay occurs by operation of law pursuant to §§ 362 and 524 of the Bankruptcy Code. While a knowing violation of a § 362 automatic stay almost always will support civil sanctions, the "knowing" factor is not as cut-and-dried an issue in the § 524 situation. See text above.