In re Walter & Gloria
FIVESON, Debtors.

Lewis & Lori FINE, Plaintiffs,

v.

Walter & Gloria FIVESON, Defendants.

Bankruptcy No. 86–02155–BKC–TCB.
Adv. No. 88–0323–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Oct. 4, 1988.

Ronald G. Neiwirth, P.A., Miami, Fla., for defendants.

Irving E. Gennet, Trustee, Boca Raton, Fla.

Daniel L. Bakst, West Palm Beach, Fla., for trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

Creditors Lewis and Lori Fine seek to have their claim declared nondischargeable under 11 U.S.C. § 523(a)(3) and (6). The debtors have answered and the matter was tried on September 6. I now conclude that plaintiffs are entitled to no relief, and the alleged claim is discharged.

The allegations and relevant facts relate solely to plaintiffs' claim against the debtor husband arising out of an alleged assault on November 17, 1981. Plaintiffs filed a tort action against Walter Fiveson in the State court on November 15, 1985, which has been stayed pending the outcome of this adversary proceeding. No grounds for relief against the debtor wife have been alleged, as plaintiffs have no basis to claim they are creditors with an actual, contingent or unliquidated tort claim against Gloria Fiveson.

Plaintiffs rely solely on the docket record of the State court action (EX. 1) and on their own depositions (CP 5) taken for the purpose of this adversary proceeding.

The first issue is a determination under § 523(a)(3) which requires proof that the debt was:

"neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

"... timely filing of a proof of claim and timely request for a determination of dischargeability of such debt ... unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."

This bankruptcy case was filed on July 21, 1986. The deadline for filing complaints under § 523(a)(3) was November 3,

Thomas C. Lardin, Weaver, Weaver, Lardin & Petrie, Ft. Lauderdale, Fla., for plaintiffs.

1986, and the claims bar date was December 3, 1986. Plaintiffs filed a motion in this court on May 2, 1988 "for clarification on scope of debtor's discharge." (CP 32 Case No. 86–02155). Prior to May 2, 1988 no pleading or proof of claim was filed on behalf of plaintiffs against the debtors in this case.

■ The undisputed facts show that a Suggestion of Bankruptcy was filed in the State court on October 30, 1986. It contains a certificate of service dated October 29, 1986 stating mailing a copy to the correct address of claimants' trial counsel. The debtors received a bankruptcy discharge on November 18, 1986. The debtor husband continued defending the tort action and did not assert the bankruptcy discharge as an affirmative defense until January 29, 1988 (Motion to Amend Answer— Ex. 1).

The debtors' schedules fail to list a claim pertinent to the tort action, and list plaintiffs only in relation to a Fine Advertising Co. judgment debt. Plaintiffs' testimony that the bankruptcy mailing matrix listing:

"Laurie & Louis Fine

Fine Advertising Co.

1500 NW 62nd Street, Suite 512

Ft. Lauderdale, FL 33309,"

was a business address from which their company moved in 1982 (four years before this bankruptcy), is not disputed. However, the affirmative defense that the address was the last known address defendants had for plaintiffs has not been overcome by Fine's inconclusive testimony:

"I do not have any personal recollection that an individual notice [of change of address] was sent." (CP 5 at 28).

■ Plaintiff's failure to present clear and convincing evidence on this ground would result in denial of the requested relief. In addition, there is an alternative ground upon which this court finds that the exception under § 523(a)(3)(B) is applicable

by reason of plaintiffs' notice or actual knowledge of this case through the receipt by its counsel of the Suggestion of Bankruptcy. See In re Slaiby, 57 B.R. 770, 773 (D.N.H.1985); In re Davis, 19 B.R. 487 (Bankr.S.D.Fla.1982).

Plaintiffs concede that:

"if the Plaintiffs' counsel had received knowledge of Walter Fiveson's bankruptcy in time to file a claim or file a determination of non-dischargeability, the attorney's knowledge would serve as constructive notice upon Lewis and Lori Fine." (CP 6 at 7).

Plaintiffs have testified that their trial counsel did not receive the notice. Plaintiffs make no argument regarding the legal conclusion to be drawn from the presumption of the receipt of notice from proof that an item was mailed, notwithstanding the addressee's denial under oath that the notice was received. See, e.g., Atlantic Dredging & Construction Co. v. Nashville Bridge Co., 57 F.2d 519, 521 (5th Cir.1932); Rosenthal v. Walker, 111 U.S. 185, 193, 4 S.Ct. 382, 386, 28 L.Ed. 395 (1884); In re Gumieny, 8 B.R. 602, 604 (Bankr.E.D. Wisc.1981); F.R.Evid. 301. Their counsel has not testified. Accordingly, I find that plaintiffs were provided with notice of the bankruptcy on October 30, 1986.

In a case ruling on similar facts, In re Alton, 837 F.2d 457, 459 (11th Cir.1988), the court acknowledged that despite possible misleading, inadvertent or intentional actions by the debtor, the creditor's claim was discharged because there was actual notice.[1] In agreement with the Alton court that the hard case should not be allowed to make bad law, and recognizing that the debtors here gave the most minimal time for notice before the expiration of the deadline on November 3, 1986, I follow Alton as binding precedent. It is a prudent approach of the Alton court to state unequivocally that:

1. I have not overlooked the decision in *Moureau v. Leaseamatic, Inc.*, 542 F.2d 251, 253 (5th Cir.1976), affirming a finding of nondischargeability where the debtor kept his creditors in ignorance of his proceeding. However, the constructive notice provided to Fine before the debtors' discharge on October 30, 1986 makes *Moureau* factually inapplicable. The explanation given by the court in *Matter of Baitcher*, 781 F.2d 1529, 1533–34 (11th Cir.1986) questions the result in *Moureau*.

"It is not our place to change the Bankruptcy Code and Rules." *Id.*

The issue of whether the amount of time was sufficient notice could have been raised, but was not, within a *reasonable* time after the notice was given. Even having received notice through the debtor's January 29, 1988 motion in the State court, plaintiffs allowed three months to pass before seeking a determination in this court.

For the foregoing reasons, plaintiffs are not entitled to relief under § 523(a)(3).

 The holding in *Alton* clearly precludes consideration of the grounds alleged under § 523(a)(6) [tort claim], as the request for determination of dischargeability is not timely. As that court stated:

> "If [plaintiff], once warned of the bankruptcy proceeding, had made a minimal effort to determine the date of filing of the petition, he would have realized the outside dates for the filing of his complaint contesting the dischargeability of his claim *or for a motion to extend such time.* Instead [plaintiff] made no such effort and cannot now properly complain of the consequences of his inaction." (Emphasis added).

Plaintiffs have failed to carry the burden of proving any basis for exception from discharge against either debtor.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice as to each of the debtors. Costs may be taxed on motion.

DONE and ORDERED.

