**Maria C. MALDONADO,**
**Plaintiff/Appellee,**

v.

**Orlando RAMIREZ,**
**Defendant/Appellant.**

**Civ. No. 1983/261.**

District Court, Virgin Islands,
D. St. Croix.

Feb. 21, 1984.

Allan A. Christian, Frederiksted, St. Croix, V.I., for plaintiff/appellee.

Mark L. Milligan, Christiansted, St. Croix, V.I., for defendant/appellant.

## MEMORANDUM OPINION AND ORDER

DAVID V. O'BRIEN, District Judge.

This appeal from the Territorial Court of the Virgin Islands raises the principle issue of whether Defendant Ramirez is entitled to assert the defense of discharge in bankruptcy when the attorney for Plaintiff Maldonado, but not Maldonado herself, had, prior to the filing of this action knowledge of Defendant's then pending bankruptcy petition. In that we hold Plaintiff herself will be bound by notice to her attorney, we reverse the denial below of summary judgment and enter judgment in favor of Defendant.

### FACTS

On April 17, 1979 Defendant Ramirez (hereafter "Ramirez") filed a petition in the Bankruptcy Court seeking discharge of all his debts. It is undisputed that Plaintiff Maldonado (hereafter "Mrs. Maldonado") was not one of the creditors or claimants listed on the schedule of creditors which accompanied the petition. Following the entry of discharge, on January 16, 1981, Mrs. Maldonado filed this action on April 5, 1982 alleging that Ramirez had breached a contract with her entered on August 4, 1978.

At trial below, evidence was adduced which showed Mrs. Maldonado and Ramirez did conclude a construction contract in 1977 pursuant to which Ramirez was to build her a three bedroom house. After completion of the house around August 22, 1977, Mrs. Maldonado began having problems with the roof leaking each time it rained. Understandably concerned, Mrs. Maldonado contacted Ramirez several times in an attempt to get him to rectify the problem. On August 4, 1978 the parties executed a written agreement whereby Ramirez undertook to remedy several deficiencies in the dwelling, including repairing the numerous leaks in the roof. Ramirez returned to the premises on several occasions to make repairs, but unfortunately the results were not satisfactory and the leaks continued. In an attempt to protect her substantial investment, Mrs. Maldonado sought help elsewhere and eventually obtained a loan of $10,280 from the FHA, which was fully depleted in replacing the defective roof.

Mrs. Maldonado then brought this action to recover the monies spent in making her house watertight. The trial court found that Ramirez had failed to complete the house in a workmanlike manner and had, further, breached the August, 1978 agreement to repair the leaking roof. The Court awarded Mrs. Maldonado the full $10,280 sought, plus costs, interest and attorney's fees.

### DISCUSSION

The issue which concerns this Court is what effect Ramirez' discharge in bankruptcy has on Mrs. Maldonado's present claim for damages. A showing that the claim was properly scheduled or that Mrs. Maldonado had actual knowledge of the pending bankruptcy action would dispose of

the matter, as Ramirez would then be properly discharged from any obligation on the contract. 11 U.S.C. §§ 101(4), 523(a)(2), (3) and 727(b). While there is no claim here that Mrs. Maldonado herself had actual knowledge of the proceeding, it is asserted that Mrs. Maldonado's attorney's knowledge of Ramirez' bankruptcy proceeding is sufficient to discharge the present claim.

■ The claim of a creditor or claimant with actual knowledge of a bankruptcy proceeding is indeed discharged by that proceeding, notwithstanding the failure of that creditor to be properly scheduled. *Id.* § 523(a)(2), (3). The bankrupt Ramirez has the burden of proof of showing actual knowledge of the bankruptcy action on the part of a particular claimant. *Venson v. Housing Authority of the City of Atlanta,* 337 F.2d 616 (5th Cir.1964); *Matter of Robertson,* 13 B.R. 726 (Bkrtcy.E.D.Va.1981). A showing of imputed or constructive notice is not alone sufficient, as Ramirez must establish that such knowledge actually existed, and that it included information as to where and when the petition in bankruptcy was filed. *Id.; Robinson v. Currier,* 2 B.R. 127 (Bkrtcy.Or.1979). Where the bankrupt attempts to avoid the effect of omitting creditors or claimants from his schedules, he has the burden of proving the facts upon which he relies. *See Hill v. Smith,* 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923); *see generally* 3 Collier on Bankruptcy, 15th Ed., § 523.13[6], (1983).

In determining whether notice to a claimant's attorney is sufficient to bind the claimant herself, this Court must look to the particular facts and circumstances involved. The record reveals that the first meeting of Ramirez' creditors was held May 8, 1979. From that date creditors and claimants would have had six months, or until November 8, 1979 to file proofs of their claims with the Bankruptcy Court. Rule 302(e) of the 1973 Bankruptcy Rules; *see also* 11 U.S.C. § 101(4). The record further shows that the attorney for Mrs. Maldonado did in fact have actual knowl-

edge of Ramirez' pending bankruptcy on June 6, 1979.[1] (Exhibit D. Defendant's Motion for Reconsideration, March 9, 1983).

■ Notice or actual knowledge will be imputed to a creditor or claimant when it "comes to someone who has clear authority to act for the creditor and which provides ample opportunity [for the creditor] to participate in the bankruptcy proceeding..." *Matter of Robertson,* 13 B.R. 726, 733 (Bkrtcy.E.D.Va.1981) *quoting Katz v. Kowalsky,* 296 Mich. 164, 295 N.W. 600, 604 (Mich.1941). Notice to a creditor's attorney of a bankruptcy filing is usually held sufficient if the attorney received knowledge of it while representing his client in enforcing a claim against the bankrupt. Collier, *supra* § 523.13(5)(c). *See In re Saltzman* 25 B.R. 125 (Bkrtcy.E.D.Wisc.1982); *Matter of Robertson, supra.*

■ In the present case it is not disputed that Mrs. Maldonado's attorney had notice of Ramirez' action in bankruptcy. Further, it appears from the filings that he received this knowledge during a time frame in which he was representing Mrs. Maldonado in initiating her present claims against Ramirez. The attorney wrote a letter on behalf of Mrs. Maldonado on June 21, 1978 giving Ramirez written notice of the many structural defects in this house and requesting their correction. On August 4, 1978, the written agreement which precipitated this dispute was executed by Ramirez and Mrs. Maldonado with her counsel as a witness. At some point thereafter, and at the very least by June 6, 1979, Mrs. Maldonado's attorney was made aware of Ramirez' bankruptcy. The record indicates, and it has not been contested, that Mrs. Maldonado's counsel knew of the action in bankruptcy while he continually represented his client in this dispute.

This Court's view is that such knowledge on counsel's part is sufficient to bind the client. The attorney had been and continued to represent Mrs. Maldonado in her dealings with Ramirez. As counsel, he be-

---

1. Although it is not made clear, the attorney was apparently representing a creditor listed on the schedule of creditors filed with Ramirez' petition.

came aware of Ramirez' bankruptcy with all of its possible repercussions to his client's rights. Finally, he knew of the threat of discharge at a time when there were over 150 days remaining during which Mrs. Maldonado could have properly entered the bankruptcy proceeding and participated in the distribution of Ramirez' assets.

## CONCLUSION

This Court will follow the general rule that where a claimant's attorney has actual knowledge of a bankruptcy proceeding while representing his client's claim against the bankrupt, the knowledge of the attorney will be imputed to the claimant. Accordingly, as Mrs. Maldonado had knowledge and an opportunity to be heard in the bankruptcy, her claim was discharged in that matter, notwithstanding the failure of Ramirez to correctly schedule the debt.