**In re Danny Ray FAUCHIER, aka Danny Fauchier, aka Littlefield's Restaurant, Debtor.**

**Arthur LUBECK and Janice Lubeck, Plaintiffs,**

**v.**

**LITTLEFIELD'S RESTAURANT CORPORATION, Dan Fauchier, William Lowe and Does I through X, Defendants.**

BAP No. CC–86–1096–MeMoV.
Bankruptcy No. LA 83–15553 JD.
Adv. No. LA 84–50629 JD.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted June 18, 1986.

Decided March 19, 1987.

Wade R. Thompson, Thompson & Dreyer, Sacramento, Cal., for plaintiffs.

Dan Fauchier, Beverly Hills, Cal., for defendants.

Before MEYERS, MOOREMAN and VOLINN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

This appeal raises the question of whether a debt is duly listed for the purposes of Section 523(a)(3) of the Bankruptcy Code ("Code"). The creditors' address was incorrectly listed, causing the creditors to be deprived of notice of the pendency of the bankruptcy until after the bar date to determine dischargeability had passed. Finding that the record on appeal is inadequate to determine whether the listing of an incorrect address deprives these creditors of their rights, the Panel REMANDS for additional fact finding.

### II

#### Facts

Arthur and Janice Lubeck brought suit against the Debtor, Danny Ray Fauchier, in state court on January 18, 1982, for fraud and malicious misrepresentation of his corporation's financial condition. The complaint listed an address for the Lubecks' law firm which was incorrect since the firm had moved in February of 1981. A default judgment was taken on May 6, 1983. The judgment mailed to the Debtor contained the Lubecks' attorneys' new address. No other notice of this change of address was specifically given to the Debtor.

The Debtor filed a Chapter 7 petition on August 4, 1983. November 8, 1983 was fixed as the last date on which to file a dischargeability complaint. Although the Lubecks' debt was listed, the address given was the former address of their attorneys.[1] Both Lubecks were listed as living at this address. In addition, the Lubecks' attorneys were described as "Friedman, Collard & Poswall & Arthur Lubeck & Katherine Lubeck" also at the same address. The correct firm name was Friedman, Collard, Poswell & Thompson.

In early February 1984 the Lubecks' attorney, Wade R. Thompson, received a telephone call from the Debtor's counsel and learned of the Debtor's bankruptcy for the first time. By then the bar date to determine the dischargeability of debts had already passed. Nevertheless, on March 22,

---

1. The attorneys had moved from 913 Eighth Street in Sacramento, California, to 7750 College Town Drive, Suite 300, in the same city.

1984, the Lubecks filed a complaint to determine dischargeability.

The trial court held that the Lubecks' debt was duly scheduled and dismissed the complaint in July of 1984. An amended complaint was then filed. In January of 1986 the trial court found that since there was no bad faith in failing to use the Lubecks' correct address, under Section 523(a)(3) the debt to the Lubecks was duly scheduled. Therefore, the trial court dismissed the amended complaint.

### III

#### *Discussion*

■ The trial court misapplied the test to determine if a debt is excepted from discharge under Section 523(a)(3). There is no requirement that a debtor must act in bad faith in not properly listing a particular debt for a debt to be excepted from discharge. *See In re Blossom*, 57 B.R. 285, 287 (Bankr.N.Ohio 1986); *In re Gray*, 57 B.R. 927, 931 (Bankr.R.I.1986), *aff'd*, 60 B.R. 428 (D.R.I.1986).

■ The correct test is whether this debt was scheduled in time to permit a timely request for a determination of discharge or a timely proof of claim. Section 523(a)(3)(A) and (B). In order for a debt to be duly listed, the debtor must state the name and address of the creditor. Bankruptcy Rule 1007. The burden is on the debtors to use reasonable diligence in completing their schedules and lists. *In re Robertson*, 13 B.R. 726, 731 (Bankr.E.Va. 1981). *See also In re Blossom, supra*, 57 B.R. at 287; *In re Gray, supra*, 57 B.R. at 930. If a creditor proves that an address is incorrect, the debtor must justify the inaccuracy in preparing his schedules. *Matter of Robertson, supra*, 13 B.R. at 731. An incorrect or careless omission is not enough. 13 B.R. at 731.

■ Due process of law mandates notice be given to a creditor whose property rights are being affected so that he may have his day in court. *Matter of Frankina*, 29 B.R. 983, 985 (Bankr.E.Mich.1983). It is not enough merely to rely on one's own knowledge of a creditor's address. *In-*

*gram v. Carruthers*, 194 Tenn. 290, 294, 250 S.W.2d 537 (Tenn.S.Ct.1952); *Marlenee v. Warkentin*, 71 C.A.2d 177, 180, 162 P.2d 321 (1945).

■ In the instant case the Debtor listed both the Lubecks' address and their lawyers' address as the same. The Debtor even listed the Lubecks as partners of their attorneys' firm. This would appear to be carelessness. Further, it does not appear from the record that the Debtor made any attempt to determine the Lubecks' correct address. This is the opposite of reasonable diligence. Addresses that are two years old do not constitute reasonable diligence. *Behymer Corporation v. Steffe*, 400 S.W.2d 457, 460 (Mo.App.1966).

Here the trial court applied the wrong test—one of good faith. The record is unclear whether the Debtor was given an opportunity to explain whether his error in scheduling met the correct standard of reasonable diligence. Therefore, we remand this appeal to the trial court to determine if the Debtor satisfied this test.

■ The trial court also appears to have misapplied the general rule that notice to a party's agent, an attorney, is notice to a party. An attorney who has represented a creditor in state court proceedings does not, by virtue of that relationship alone, represent the creditor with respect to that same debt in a federal bankruptcy proceeding. *In re Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir.1985); *In re Porter*, 16 B.R. 229, 233 (Bankr.Mass.1981); *Matter of Robertson, supra*, 13 B.R. at 733; *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 457 (6th Cir.1982). In the instant case it does not appear that even the Lubecks' attorneys received timely notice for the Debtor used an incorrect address for the attorneys as well. Even if the attorneys were the Lubecks' agents for debt collection, the Debtor must still show that the attorneys received notice or had actual knowledge. *Ford Motor Credit Co. v. Weaver, supra*, 680 F.2d at 457.

On remand the trial court is instructed to determine whether the Lubecks' attorneys received actual notice and whether they

were authorized to collect the underlying debt.

 In the event that the trial court determines that the Debtor cannot satisfy the due diligence test and that the Lubecks' attorneys were either not the Lubecks' agents for debt collection or were not actually noticed, the trial court must still determine the nature of the underlying obligation. It appears from the record that the Lubecks' debt is a judgment debt for fraud and malicious misrepresentation. As such it may fall within Section 523(a)(2), (4) or (6) and be nondischargeable because it was not properly listed in time for a timely request to determine dischargeability. *See In re Mendoza,* 16 B.R. 990, 992 (Bankr.S. Cal.1982). However, this Panel cannot determine from the record whether the Lubecks' debt actually falls within one of these three categories. If it does not, this debt is non-dischargeable under Section 523(a)(3)(A) only if the Lubecks did not have notice in time to file a timely proof of claim. Therefore, we remand on this issue as well.

In its memorandum decision, the trial court noted that it might have granted an extension of time to file a complaint to determine nondischargeability under Section 523(a)(2), (4) or (6) if it had the discretion to do so. As the trial court correctly determined, no discretion to grant untimely extensions to file such actions is now vested in the bankruptcy courts. *See In re Rhodes,* 61 B.R. 626, 629–30 (9th Cir.BAP 1986); *In re Hill,* 811 F.2d 484, 487 (9th Cir.1987). Under the scheme established by Congress, debts not properly listed or scheduled by debtors who do not exercise due diligence in preparing their schedules are generally excepted from the discharge. Therefore, no creditor which has been prejudiced by a debtor's failure to properly schedule needs the indulgence of being allowed to file an out-of-time complaint under Section 523 for the obligation is excepted from the discharge under Section 523(a)(3). *See In re Robertson, supra,* 13 B.R. at 731. The time bar of Section 523(c) does not apply to complaints seeking a determination of whether the debt in question was properly scheduled. *See Kelly v. Robinson,* —— U.S. ——, 107 S.Ct. 353, 357 n. 3, 4, 93 L.Ed.2d 216 (1986).

REMANDED for further proceedings in accord with this decision.