**In re Daniel R. BUCKNUM, d/b/a Bucknum, Levine & Smith, Debtors.**

**Joe W. MOODY, and Bernice H. Moody, Appellants,**

**v.**

**Daniel R. BUCKNUM d/b/a Bucknum, Levine & Smith, Appellee.**

**BAP No. CC 88–2068 MoPV.
Bankruptcy No. SA 88–01954 JB.
Adv. No. SA 88–0407 JB.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 14, 1989.

Decided Sept. 29, 1989.

Meredith Bradford, Walnut Creek, Cal., for appellants.

Ralph G. Pagter, Pagter Law Corp. Santa Ana, Cal., for appellee.

Before MOOREMAN, PERRIS and VOLINN, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

This appeal arises out of the bankruptcy court's order granting the debtor's motion to dismiss the appellants' nondischargeability complaint as having been untimely filed after the bar date had passed.

## FACTS

The following facts are essentially undisputed. Appellants obtained a state court judgment against the debtor (an attorney) for malicious prosecution. On March 13,

1988, the debtor filed a voluntary Chapter 7 petition and properly listed the appellants as creditors. Prior to April 12, 1988, appellants obtained copies of the bankruptcy file in order to be "assured of receiving proper notice." On April 12, 1988, the bankruptcy court entered an order setting the § 341(a) Meeting of Creditors for May 10, 1988, and setting the bar date for filing § 523(c) nondischargeability complaints for July 11, 1988.

On July, 11, 1988, at 3:50 p.m., after becoming "concern[ed] because so much time was elapsing and no notice of meeting of creditors had been received," appellants' counsel contacted the bankruptcy clerk and learned that it was the last day to file a § 523(c) complaint.[1] After preparing a "Petition for Extension of Time to File Nondischargeability Complaint" and the proposed § 523(c) complaint, appellants' counsel then express mailed the documents on July 12, 1988. The Petition and Complaint were received and filed by the bankruptcy clerk on July 13, 1988.

The Petition for Extension of Time was based on appellants alleged failure to have received the required notice under Bankruptcy Rule 4007(c). On July 19, 1988, the bankruptcy court entered an order denying the Petition on the grounds that it had been untimely brought.[2] The debtor then filed a Motion to Dismiss the complaint as untimely.

In response to the debtor's motion to dismiss, the appellants again asserted that neither they nor their attorney had received the required notice pursuant to Rule 4007(c) and, therefore, the 60–day time period for filing nondischargeability complaints had not yet passed. The only evidence in support of the above allegation was appellants' counsel's declaration.

At the hearing on the motion to dismiss, the bankruptcy court determined that appellants had not proven that the Rule 4007(c) notice had not been received. Additionally, the bankruptcy court held that *even if the required notice had not been received*, appellants had actual notice of the bankruptcy and *In re Price*, 79 B.R. 888 (9th Cir. BAP 1987), compelled the dismissal of the complaint. The instant appeal followed.

## DISCUSSION

The crux of the appellants argument is that when a creditor inspects the bankruptcy file to insure that it has been properly scheduled, the creditor is then entitled to rely on the bankruptcy clerk's "duty" to give the required notice under Rule 4007(c).[3]

Appellant argues that the BAP decision in *Price*, is distinguishable because its holding applies only to *unscheduled* creditors. Dicta within the *Price* decision appears to support the appellants' argument by referring to the bankruptcy clerk's "duty [under Rules 4007(c) and 2002(f) ] to properly notify the *scheduled* creditors." *Price*, 79 B.R. at 890. However, in recently affirming the *Price* decision, the Ninth Circuit also emphasized a creditors "obligation to take timely action to protect his claim." *In re Price*, 871 F.2d 97, 99 (9th Cir.1989). In doing so, the Ninth Circuit did not distinguish between scheduled and unscheduled creditors. Indeed the Ninth Circuit cited as authority in support of its ruling, the case of *Neeley v. Murchison*, 815 F.2d 345, 347 (5th Cir.1987). *In re Price*, 871 F.2d at 99.

1. The declaration also states that upon receiving this information at 3:50 p.m. on the bar date, it was "too late to file a complaint by the deadline."

2. Presumably, had appellants' counsel mailed the complaint and *motion for an extension of time* to the debtor on July 11, 1988, it may have been deemed timely pursuant to *In re Victoria Station, Inc.*, 840 F.2d 682, 684 (9th Cir.1988) (recognizing that "a motion is deemed made when served on the opposing party" and that

pursuant to Bankruptcy Rule 9006(e), service is complete upon mailing).

3. Much of the appellants' arguments also focus on the bankruptcy court's failure to hold an evidentiary hearing on whether the Rule 4007(c) notice was actually received. This argument is irrelevant, however, if actual notice of the bankruptcy is sufficient to require a *scheduled* creditor to inquire as to the bar date for filing a nondischargeability action.

In the *Neeley* case, the creditor was properly scheduled and in fact received the form notice of the initial creditors' meeting, but with the date for the meeting left blank. After. contacting the bankruptcy clerk's office, the creditor's attorney was informed by employees of the clerk's office that no dischargeability deadline had been set. Eventually, the creditor filed a nondischargeability complaint ten days after the bar date had actually passed. In rejecting the creditor's argument that his complaint should be allowed, the Fifth Circuit stated that "counsel's reliance on the blank in the form and on the oral assurances from the clerk's employees was misplaced." *Neeley*, 815 F.2d at 347.[4]

Additional support for rejecting the appellants' argument that a properly scheduled creditor may rely on the bankruptcy clerk's duty to give the required notice under Rule 4007(c), is that a scheduled creditor with actual notice of the bankruptcy who receives no written notice (or deficient notice) of the bar date, is in a better position than an unscheduled creditor who merely learns of the bankruptcy proceeding prior to the bar date. This apparent inconsistency was recognized by the Fifth Circuit in *Neeley*, 815 F.2d at 347.

While strict application of the relatively short 60 day time limitation for filing nondischargeability complaints may lead to harsh results, there is a well recognized purpose and need to allow both debtors and creditors to know which debts may be excepted from discharge and thereby allow all participants within the bankruptcy proceedings to "make better informed decisions early in the proceedings." *Neeley*, 815 F.2d at 346–47.

Even assuming that this Panel were to conclude that the appellant as a *scheduled* creditor was entitled to rely on receiving the required Rule 4007(c) notice, this Panel is unable to conclude that the bankruptcy court's finding that appellants' had failed to prove lack of notice is clearly erroneous. At the hearing on the motion to dismiss, appellants' asserted lack of notice which was supported by the appellants' counsel's declaration. Appellants contend that this was the only evidence of notice or the lack thereof presented by either party and, therefore, the presumption that proper notice was received never arose.

 Contrary to the appellants' argument, however, the bankruptcy file before the bankruptcy court included a certificate of mailing wherein it was certified that notice of the bar date had been sent to the appellants' counsel. While this certificate of mailing was not formally attached to the debtor's motion to dismiss, the bankruptcy court is entitled to take judicial notice of documents within the bankruptcy file. The BAP recognized in *In re Ricketts*, that a strong presumption existed that creditors listed on the certificate of mailing received the required notice. *In re Ricketts*, 80 B.R. 495, 497 (9th Cir. BAP 1987). In order to rebut this presumption appellants were required to introduce evidence above mere denials in the appellants' attorney's declaration. *Id.* No such evidence was presented.

Appellants' additionally argue that a separate evidentiary hearing was necessary as to the specific factual issue of whether notice was actually received. No authority is cited in support of this argument. As previously set forth, upon the filing of the motion to dismiss and in light of the certificate of mailing within the bankruptcy file, a strong presumption existed that notice had been received by the appellants' counsel. Due to the undisputed fact that appellants' complaint had been filed after the bar date, in order to prevent the debtor from prevailing on the motion to dismiss, it was incumbent upon the appellants to rebut the presumption of notice. The intro-

---

**4.** Appellant's reliance on authorities such as *City of New York v. New Haven and Hartford Railroad Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) is misplaced. Those authorities, which hold that creditors must receive actual notice of the bar date for filing proofs of claim notwithstanding the fact that such creditors have knowledge of the bankruptcy proceeding, involve the bar date for filing proofs of claim. The claim bar cases are not governed by the well-established inquiry notice case law attendant to filing actions under section 523 as discussed herein.

duction of only the appellants' counsel's declaration failed to do so and the motion to dismiss was, therefore, properly granted.

Based on the foregoing, the bankruptcy court's order granting the debtor's motion to dismiss is AFFIRMED.