18-342-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE
          DENNIS JACOBS,
          ROBERT D. SACK,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - -X
In re Seven Oaks Partners, LP,
          Debtor.

Seven Oaks Partners, LP, James M. Nugent, ESQ.,
Douglas S. Skalka, Esq.,
          Debtors-Appellees,

          -v.-                                    18-342

1

**Cynthia Licata,**

        <u>**Creditor-Appellant.**</u>

- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           John F. Carberry, Cummings & Lockwood LLC, Stamford, CT.

FOR APPELLEE:           James M. Nugent, Harlow, Adams & Friedman, P.C., Milford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Cynthia Licata appeals from a judgment of the United States District Court for the District of Connecticut (Arterton, <u>J</u>.) affirming the decision of the bankruptcy court to deny her claim against Seven Oaks Partners as untimely. Licata possessed a $500,000 judgment against Seven Oaks Partners, LP at the time it filed for Chapter 11 bankruptcy in April 2012, but Seven Oaks failed to list her as a creditor. In November 2012, Seven Oaks added Licata as holding a "disputed" and "unliquidated" claim and the court set July 8, 2013 as the bar date by which she could file a proof of claim. Licata filed a proof of claim on September 5, 2014. Seven Oaks objected on the basis of untimeliness, the bankruptcy court (Manning, <u>J</u>.) sustained the objection, and the district court subsequently affirmed. The question on appeal is whether Licata's failure to timely file her claim is the result of excusable neglect. We assume the parties' familiarity with the underlying facts and procedural history.

Licata claims that the bankruptcy court abused its discretion in disallowing her proof of claim because Seven Oaks first omitted listing her claim, then improperly scheduled her claim as one that was disputed and unliquidated rather than as liquidated and reflected in a final judgment, and then failed to properly

2

notify her of the proceeding.   Because--at a minimum through service on her lawyer--Licata had notice of the bankruptcy proceedings before the bar date, we disagree.

"In an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo." In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005) (quoting In re AroChem Corp, 176 F.3d 610, 620 (2d Cir. 1999)).   "Bankruptcy court decisions to deny a request to file late are reviewed for abuse of discretion."   Id.

In bankruptcy, a "bar date" fixes the time to file a proof of claim against the bankruptcy estate.   See Fed. R. Bankr. P. 3002(c)(3).   Bankruptcy Rule 9006(b)(1) "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'"   Pioneer Inv. Servs. Co. v. Brunswick Associates L.P., 507 U.S. 380, 382 (1993).   "The burden of proving excusable neglect lies with the late-claimant."   In re Enron, 419 F.3d at 121.

Whether neglect is excusable is an equitable determination, "'taking account of all relevant circumstances surrounding the party's omission,' including '[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"   Id. at 122 (quoting Pioneer, 507 U.S. at 395) (alterations in original).   The "focus" of our inquiry is whether the movant was responsible for the delay.   Id.

The bankruptcy court did not abuse its discretion in denying Licata's late filed claim because Licata was responsible for the delay.   Critically, Licata had notice, through her lawyer, of Seven Oaks's bankruptcy and the allegedly erroneous scheduling of her claim as "disputed" and "unliquidated," in November 2012.   The bankruptcy court found that Seven Oaks served notice on Licata at five different addresses, including that of her lawyer, Ridgely Brown. See Pioneer, 507 U.S. at 397 ("[I]n determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon

whether the neglect of respondents *and their counsel* was excusable.") (emphasis in original).   At a hearing on November 13, 2012, where he was representing Licata in nonbankruptcy proceedings against Seven Oaks, Brown discussed Seven Oaks's bankruptcy, its impact on Licata's $500,000 judgment, and the scheduling of Licata's claim.   Licata was therefore on notice in November 2012.   And because she then failed to file her proof of claim until September 2014, Licata's neglect is inexcusable.

Licata argues that because Seven Oaks mischaracterized her claim in bad faith, requiring compliance with the bar date will encourage future gamesmanship by debtors; after all, had Seven Oaks scheduled her claim as undisputed, Licata's filing would have been unnecessary.

But the improper scheduling of a claim by a Chapter 11 debtor does not excuse an untimely filing where the creditor had actual notice of the debtor's bankruptcy.   See 4 Collier on Bankruptcy ¶ 523.09[4][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing Lompa v. Price (In re Price), 79 B.R. 888, 893 (BAP 9th Cir. 1987)).   If a creditor has notice or actual knowledge of the bankruptcy with sufficient time to timely file a proof of claim, the debt will be discharged even though not listed or scheduled, listed or scheduled improperly, or listed or scheduled tardily.   Id.   Regardless of the correctness of any allegations of bad faith, once Licata possessed actual knowledge of Seven Oaks's bankruptcy and scheduling of her claim, it was her responsibility to file a proof of claim and correct Seven Oaks's mistaken characterization of her claim as disputed and unliquidated before the established bar date.

Accordingly, Licata failed to demonstrate excusable neglect and the bankruptcy court was within its discretion to deny her late filed claim.

We have considered Licata's remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4